UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA A. BAXTER,

                               Plaintiff,

                                                                                  DECISION AND ORDER
       v.                                                              04-CV-428A

VINCENZO ANELLO, Mayor of the City
of Niagara Falls, and the
CITY OF NIAGARA FALLS, NEW YORK,

                               Defendants.

---

## **INTRODUCTION**

Plaintiff Cynthia Baxter commenced this action against the defendants, the City of Niagara Falls ("City") and Vincenzo Anello, its former Mayor, alleging due process and First Amendment violations, and violations of the New York Public Health Law. On March 26, 2007, the Honorable John T. Elfvin, to whom this case was assigned, granted summary judgment in favor of the defendants as the plaintiff's First Amendment and New York Public Health Law claims, but denied summary judgment as to plaintiff's due process claim.

The matter was transferred to this Court. On July 26, 2007, the parties filed a stipulation of undisputed material facts and moved to have this Court decide plaintiff's due process claim based upon the stipulated record. The parties filed briefs in support of their respective positions and on October 10, 2007, the Court heard oral argument.

1

For the reasons the forth below, the Court grants judgment in favor of the defendants on plaintiff's due process claim.

## **BACKGROUND**

On January 1, 2000, plaintiff was appointed to the position of the City Clerk for the City of Niagara Falls, New York, by then newly-appointed Mayor Irene Elia. By virtue of that appointment, the plaintiff was also appointed as Registrar of Vital Statistics for the City. *See* Dkt. 53, at ¶ 29. Plaintiff assumed the duties of Registrar and City Clerk on January 1, 2000, and performed those duties until December 31, 2003.

In November 2003, Mayor Irene Elia lost her bid for reelection to defendant Anello. Shortly before assuming office on January 1, 2004, defendant Anello sent plaintiff a letter advising her that her duties as City Clerk would terminate on December 31, 2003. *Id.* at ¶ 32. Defendant Anello appointed Carol Antonucci as City Clerk commencing January 1, 2004.

Plaintiff alleges that under the City Charter, defendant Anello was required to obtain confirmation by a majority of the City Council of Niagara Falls before terminating her employment as City Clerk. It is undisputed that Anello did not obtain City Council confirmation. Plaintiff commenced this action alleging, among other things, that her termination without confirmation violated her rights under the due process clause of the Fourteenth Amendment.

**DISCUSSION**

In order to establish her due process violation, plaintiff must show that the defendants' action deprived her of a property interest protected by the Fourteenth Amendment. *See White Plains Towing Corp. v. Patterson,* 991 F.2d 1049, 1062 (2d Cir. 1993). For the purposes of this motion, the parties have stipulated that the sole issue before the Court is whether the plaintiff had a protected property interest in her position as City Clerk.

Although property interests are constitutionally protected, they are not generally constitutionally established. "[R]ather, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Velez v. Levy,* 401 F.3d 75, 85 (2d Cir. 2005) (quoting *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972)). Thus, only where a plaintiff can demonstrate that state law confers "a legitimate claim of entitlement" to a particular position will a property interest in that position arise. *Id.*

Plaintiff alleges that her property interest in the City Clerk position was created by the City Charter. Specifically, plaintiff cites to Section 2.3(a) of the City Charter, which provides:

> The Mayor shall appoint the Administrator, who shall serve at his pleasure. *The Mayor shall also appoint, subject to confirmation by a majority of the Council, a Corporation Counsel, a Director of Finance, and a City Clerk, who serve at the pleasure of the Mayor except that they shall not be dismissed from office unless the Council shall confirm such action by majority vote.* Nothing herein provided shall

> prevent the suspension or dismissal of an officer or
> employee for cause and pursuant to law.

*See* City Charter for the City of Niagara Falls, at §2.3(a) (emphasis added).

Plaintiff argues that since the City Charter prohibits the City Clerk from being discharged without confirmation by the City Council, the position was a "continuing appointment" entitled to due process protections.

Defendants dispute plaintiff's contention that her position was a "continuing appointment" and argue that the undisputed facts make clear that her position was only a four-year appointment. Defendants point out that since the City Charter became effective in January 1988, a new City Clerk has been appointed (or reappointed) every four years. Specifically, on January 1, 1988, when the current City Charter first became effective, then-Mayor Michael O'Laughlin appointed Elsie Paradise to serve as City Clerk. Paradise's appointment was confirmed by City Council. *See* Dkt. 53, at ¶ 12. Four years later, on January 1, 1992, Paradise was reappointed by the incoming Mayor, Jacob Palillo and her reappointment was confirmed by City Council. *Id*. at ¶ 13. Four years after that, on January 1, 1996, Paradise was again reappointed as City Clerk, this time by then-Mayor James Galie, and her reappointment was again confirmed by the City Council. In November 1999, Paradise decided to retire from her position, and Carol Antonucci was appointed to serve as Acting City Clerk to complete Paradise's unfinished term. *Id*. at ¶ 24. Antonucci served until December 31, 1999, when the plaintiff assumed the duties of City Clerk following her appointment by then-incoming Mayor Irene Elia. Plaintiff's term commenced on January 1, 2000, and

continued until her termination on December 31, 2003 --exactly four years later.

Notwithstanding the silence of the City Charter on this issue, the Court agrees with defendants' interpretation and finds that plaintiff's appointment as City Clerk was subject to a four-year term. The undisputed evidence demonstrates that every four years since the current City Charter was adopted, the presiding mayor either appointed or reappointed a City Clerk. And every four years, the City Council confirmed those appointments or reappointments. As in *Visser v. Magnarelli*, , the Court finds the silence of the City Charter to be inconsequential and light of the City's unwavering interpretation of the position as a four-year term appointment. *See Visser, v. Magnarelli*, 530 F.Supp. 1165, 1167-68 (N.D.N.Y. 1982) (finding that, notwithstanding the City Charter's silence, plaintiff's city clerk appointment was for a two-year term where city had an unwavering tradition of electing a new clerk every two years). This is also consistent with plaintiff's own admission that Paradise's unfinished term expired on December 31, 1999. *Id.* at ¶ 24.

Other language in the City Charter supports the conclusion that the City Clerk position is a four-year appointment. The Charter vests the Mayor with the authority to make certain discretionary appointments for City Clerk, Corporation Counsel, and Director of Finance. The position of Mayor is itself a four-year appointment. Thus, under the City Charter, each incoming Mayor has the authority to appoint, subject to approval by the City Council, a new City Clerk, a new Corporation Counsel, and a new Director of Finance. Plaintiff's interpretation of the position as being a continuing appointment would deny each incoming mayor the authority vested to him (or her)

under the City Charter make those discretionary appointments[1].

Plaintiff's position is further undermined by the "Notification of Appointment" form that she signed upon assuming her duties of Registrar. The parties stipulated that, by virtue of her appointment as Niagara Falls City Clerk, plaintiff was also appointed as the Registrar of the Vital Statistics for the City. *See* Dkt. 53, at paragraph 29; and Ex. D. Plaintiff signed a Notification of Appointment for the Registrar position, wherein she affirmed to carry out to be duties of Registrar to the best of her abilities. *Id.* That Notification of Appointment indicated that plaintiff's term as Registrar was to expire on December 31, 2003. Since plaintiff was appointed Registrar by virtue of her appointment as City Clerk, it should have been clear to her that her appointment as both Registrar and City Clerk would expire on the same date.

Plaintiff relies upon the fact that at least one former City Clerk - specifically Elsie Paradise - was consistently reappointed as City Clerk by different mayors. Although that fact may have created for the plaintiff an *expectation* of reappointment, it did not create a *property right* to reappointment. The Second Circuit made that point clear in *Schwartz v. Mayor's Committee on Judiciary of the City of New York*, 816 F.2d 54 (2d Cir. 1987). In that case, the plaintiff, a family court judge, challenged the City's decision to deny her reappointment. The Circuit held that, despite "the fact that many, or even most, incumbent judges have been reappointed cannot operate to raise [the plaintiff's]

---

[1] Indeed, like the City Clerk position, the City consistently treated Corporation Counsel and Director of Finance appointments as four-year term appointments. *See id.* at ¶¶ 12 – 23. Those appointments are made by the Mayor under the same provision of the City Charter as the City Clerk.

'subjective expectation' to a constitutionally protected right. . . ." *Id.* at 57. *See also Bd. of Regents v. Roth*, 408 U.S. 564 (1972) (explaining that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it.").

Nor does the language in the City Charter prohibiting termination of the City Clerk without Council approval alter this conclusion. It is clear that the language in the City Charter relates only to termination *during* the appointment period. Nothing in that provision prohibits termination *after* the expiration of the appointment, nor does it create a property right to reappointment.

## **CONCLUSION**

Accordingly, for the reasons stated above, the Court finds that plaintiff's appointment as City Clerk was subject to a four-year term and that plaintiff did not have a property right to reappointment beyond the four-year term. Therefore, the Court grants judgment in favor of the defendants as to plaintiff's due process claim. The Clerk of the Court is directed to enter judgment in favor of the defendants and to take all steps necessary to close the case.

SO ORDERED.

                                    <u>s/ *Richard J. Arcar*a</u>
                                    HONORABLE RICHARD J. ARCARA
                                    CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT

DATED: February 19, 208